UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY ALLEN ZEEK,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.
_____/

Case No. 1:11-cv-1064

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 involving Petitioner's claims for ineffective assistance of counsel in violation of the Sixth Amendment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 23) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's Objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States,* 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

    Petitioner raises no substantive objections to the Magistrate Judge's Report and Recommendation, recommending the dismissal of Petitioner's application. Rather, Petitioner argues that the Magistrate Judge's Report and Recommendation in this matter is premature because

"Petitioner has yet to exhaust the remainder of his available State remedies" (Pet'r Obj., Dkt 24 at 3). Petitioner then requests more time for the state courts to finish their review of his additional claims not raised in his instant petition (*id.*). Petitioner's objection is essentially another attempt to stay this matter so he can exhaust further claims in state court. The Magistrate Judge previously ruled that a stay of this matter would be inappropriate (Dkt 8). The Magistrate Judge also denied Petitioner's motion for reconsideration of that decision (Dkt 22). Because Petitioner's objection asserts no substantive error in the Magistrate Judge's conclusion, but instead reargues the previously denied stay, Petitioner's objection is denied.

Having determined Petitioner's objection lacks merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's ineffective assistance of counsel claims to be debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (Dkt 24) is DENIED and the Report and

Recommendation (Dkt 23) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: November 1, 2013                     /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge